IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA D. RANTZ-KENNEDY :
:
:
v. : Civil No. CCB-12-2853
:
:
DISCOVER FINANCIAL :
SERVICES :

## MEMORANDUM

Plaintiff Sandra Rantz-Kennedy, ("Ms. Rantz-Kennedy"), proceeding *pro se*, has filed this lawsuit against Defendant Discover Financial Services ("Discover"),[1] alleging violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code. Ann. Com. Law, §§ 14-3201 and 14-3202. Ms. Rantz-Kennedy's claims arise from Discover's use of an automated telephone dialing system to telephone Ms. Rantz-Kennedy's residence numerous times over a period of several months. Now pending before the court is Discover's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, Discover's motion will be granted.

## BACKGROUND

For two months beginning on or around July 4, 2012, Discover made over 300 automated telephone calls to Ms. Rantz-Kennedy's residential telephone line. (Compl., ECF No. 1, ¶¶ 13-14.) Ms. Rantz-Kennedy did not consent to these calls and does not have an established business relationship with Discover (*Id.* at ¶¶ 6, 12.) The calls, which delivered artificial or prerecorded

---

[1] The defendant asserts that it was improperly named in the complaint as Discover Financial Services and should have been named as Discover Bank. (ECF No. 26, 1.) The court will refer to the defendant as "Discover."

1

voice messages, were intended for Ms. Rantz-Kennedy's husband and were made for the purpose of collecting a debt from him. (*Id.* at ¶¶ 13, 60, 157 & Ex. 4.) The day after she began receiving these calls, Ms. Rantz-Kennedy contacted a Discover customer service representative and informed the representative that she was separated from her spouse and not responsible for her spouse's debts. (*Id.* at ¶ 60*.*) She also requested that Discover's representatives cease calling her residential telephone number. (*Id.*) Despite her request, the automated calls continued. (*See id.* at ¶¶ 61-153.) In response, Ms. Rantz-Kennedy mailed a cease and desist letter to Discover on July 17, 2012, in which she renewed her request that Discover stop calling her residential telephone line and reiterated that she was not responsible for her spouse's debt. (*Id.* at ¶ 157 & Ex. 4.) Nonetheless, Discover continued to make automated calls to Ms. Rantz-Kennedy's residential telephone line on a daily basis until late September 2012.[2] (*See id.* at ¶¶ 167-695.) On September 24, 2012, Ms. Rantz-Kennedy filed the instant complaint against Discover, alleging violations of the Electronic Fund Transfer Act, the federal Telephone Consumer Protection Act, and the Maryland Telephone Consumer Protection Act. On January 9, 2013, Discover filed a motion to dismiss. Ms. Rantz-Kennedy filed a cross-motion for summary judgment on February 19, 2013.

## ANALYSIS

*Standard of Review*

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being

---

[2] Ms. Rantz-Kennedy also alleges that Discover transferred $51.00 from a checking account held jointly by Ms. Rantz-Kennedy and her spouse on May 7, 2012, and July 6, 2012, without written preauthorization. (*Id.* at ¶¶ 33, 699-700.)

made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Discussion*

*Electronic Fund Transfer Act*

Counts I and II of the complaint allege that Discover violated the EFTA by making two electronic transfers of funds "without written preauthorization," on May 7, 2012 and July 6, 2012. (ECF No. 1, ¶¶ 699-700.) Ms. Rantz-Kennedy claims that Discover violated 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(b), which pertain to preauthorized fund transfers. (*Id.* at ¶¶ 31-33.)

Section 1693e of the EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such

authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).[3] The EFTA defines "preauthorized fund transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10). "To qualify as a preauthorized transfer and trigger the requirements of the EFTA, the transfer must be one that is authorized to 'recur.'" *In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010); s*ee also Sharkey v. NAC Mktg. Co.*, 2012 U.S. Dist. LEXIS 168370, *7-8 (N.D. Ill. Nov. 28, 2012) (holding that section 1693e did not apply to the plaintiff's claim that the defendant debited his account without written authorization, where there was no "preauthorization" for recurring transfers).[4] Here, the complaint makes no allegations of recurring automatic payments. Accordingly, Section 1693e of the EFTA does not apply to Ms. Rantz-Kennedy's claims, and Counts I and II of the complaint must be dismissed.

*Telephone Consumer Protection Act*

Counts III, V, and VI arise out of Ms. Rantz-Kennedy's claim that Discover violated the federal Telephone Consumer Protection Act. (ECF No. 1, ¶¶ 701, 703-04.) Under the TCPA, it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission." 47 U.S.C. § 227(b)(1)(B). Discover claims that the alleged calls did not violate Section 227(b)(1)(B) because they were made for debt collection purposes and therefore were exempt from TCPA coverage.

---

[3] The corresponding regulation states that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer."12 C.F.R. § 205.10(b).
[4] Unpublished opinions are cited not for their precedential value but for the persuasiveness of their reasoning.

The TCPA allows the FCC to enact regulations that exempt from the requirements of Section 227(b)(1)(B)

> i) calls that are not made for a commercial purpose; and
> (ii) such classes or categories of calls made for commercial purposes as the Commission determines--
> (I) will not adversely affect the privacy rights that this section is intended to protect; and
> (II) do not include the transmission of any unsolicited advertisement;

47 U.S.C. § 227(b)(2)(B). In turn, the FCC has promulgated a regulation exempting telephone calls to residential lines using an artificial or prerecorded voice without prior consent where the call is "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation." 47 C.F.R. § 64.1200(a)(2)(iii).

Courts interpreting this regulation routinely hold that debt collection calls to residences, even those made to non-debtors, fit within this exemption. *Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 604-05 (E.D. Pa. 2012); *see also Worsham v. Acct. Receivables Mgmt.*, 2011 U.S. Dist. LEXIS 134870, *14 (D. Md. Nov. 22, 2011), *aff'd sub nom. Worsham v. Accounts Receivable Mgmt., Inc.*, 497 F. App'x 274 (4th Cir. 2012) (citing 10 FCC Rcd. 12391, ¶ 16 (Aug. 7, 1995)); *Franasiak v. Palisades Collection, LLC*, 822 F. Supp. 2d 320, 326 (W.D.N.Y. 2011) (debt collector's use of automated telephone dialing system to call nondebtor's residence multiple times over period of seven months, in attempt to collect debt from daughter of nondebtor who neither lived with nor shared phone number with nondebtor, was exempt from TCPA coverage); *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011) ("the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt"); *but see Watson v. NCO Grp., Inc.*, 462 F. Supp. 2d 641, 644-45 (E.D. Pa. 2006) (finding that debt collection calls erroneously made to non-debtor adversely

affected recipient's privacy rights and, therefore, were not exempt from TCPA). Here, Ms. Rantz-Kennedy alleges that Discover made calls to her residence in an attempt to collect on a debt her husband owed. (ECF No. 1, ¶ 60 & Ex. 4.) Ms. Rantz-Kennedy does not claim that the calls involved advertisements or telemarketing. Because Ms. Rantz-Kennedy does not allege any conduct that is actionable under the TCPA, Counts III, V, and VI of the complaint must be dismissed.[5]

*Maryland Telephone Consumer Protection Act*

Finally, Counts IV and VII of Ms. Rantz-Kennedy's complaint allege violations of the MTCPA. The MTCPA provides only that a person may not violate the federal TCPA. *See* Md. Code Ann., Com. Law § 14-3201; *Worsham*, 2011 U.S. Dist. LEXIS 134870, *15. In the absence of an actionable TCPA claim, then, there can be no liability under the MTCPA. *Id.* Accordingly, Counts IV and VII of Ms. Rantz-Kennedy's complaint must also be dismissed.

A separate Order follows.


6/20/13                                           /s/
Date                                              Catherine C. Blake
                                                  United States District Judge

---

[5] Discover also argues that the TCPA does not authorize Ms. Rantz-Kennedy to sue because she was not the intended recipient of the calls, citing two unpublished opinions interpreting the statutory phrase "called party" as being limited to the intended recipient of the telephone call. *See Cellco P'ship v. Dealers Warranty, LLC*, 2010 U.S. Dist LEXIS 106719 (D.N.J. Oct. 5, 2010); *Leyse v. Bank of America*, 2010 U.S. Dist. LEXIS 58461 (S.D.N.Y. June 14, 2010). The court need not decide this issue, however, because the alleged calls are exempt from TCPA coverage.